IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT E. BUTLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 10-CV-607-WDS |
| | ) | |
| **CAROLYN W. COLVIN,**[*] | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

**STIEHL, District Judge:**

The Court previously reversed the Commissioner of Social Security's decision denying plaintiff Robert E. Butler's application for Social Security benefits, and remanded this case to the Commissioner for rehearing and reconsideration (Doc. 27). Now before the Court is plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 29). He seeks a total of $9,875.58 for 52.9 hours of attorney's time billed at $182.50 per hour,[1] 2.0 hours of a legal assistant's time billed at $95.00 per hour, and costs of $31.33. The Commissioner has responded (Doc. 32) and plaintiff has replied (Doc. 33).

Under the EAJA, a plaintiff in a civil action against the United States is entitled to an award of reasonable attorney's fees where (1) he makes a timely application for fees, (2) he is a prevailing party, (3) the government's position was not substantially justified, and (4) no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)–(B). The plaintiff has the burden of proving that the EAJA fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161

---

[*] Carolyn W. Colvin was named Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted as the defendant in this case.
[1] The total amount and number of hours includes 2.1 hours spent on plaintiff's reply brief.

(1990) (noting that the district court's task of determining what fee is reasonable under the EAJA is essentially the same as that described in *Hensley*). The attorney's fees must be based on the "prevailing market rates for the kind and quality of the services furnished," but not for a rate "in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A). The Seventh Circuit has explained that this fee-shifting provision reflects the Justice Department's concern "about forking over government money to people litigating against the government." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). Consequently, the EAJA "doesn't authorize an award of $125 per hour, or even $125 plus inflation. The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Id.* at 563. If inflation, he needs to show that it "has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.*

The Commissioner does not contest that plaintiff is entitled to attorney's fees. She only objects that the overall fee request is unreasonable and seeks a reduction. Plaintiff makes several points to show that his attorney's fee is based on the prevailing market rates and that the rate of $182.50 reflects the increased cost of living since 1996. He says his rate was calculated for January 2012, when most of the work in this case was performed, and that it includes adjustment for cost of living using the "all items" figure in the Consumer Price Index (Doc. 29, Ex. 1). He cites numerous cases awarding attorney's fees for hours and total amounts similar to what he is seeking (40 to 60 hours, $7,000 to $12,000). *See, e.g.*, *Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. 2010) (finding 40 to 60 hours is the general range).

He also makes a policy argument that the EAJA's statutory ceiling of $125 per hour is not sufficient to attract competent counsel. The rate of reversal or remand in district-court Social Security appeals, according to one study, was about 54%. *See Martinez v.*

2

*Astrue*, 630 F.3d 693, 695 (7th Cir. 2011) (citing Paul R. Verkuil & Jeffrey S. Lubbers, *Alternative Approaches to Review of Social Security Disability Cases*, 55 ADMIN. L. REV. 731, 761–62 (2003)). That reversal rate, plaintiff concludes, lowers the statutory ceiling to an effective rate of $67.50. (Actually lower, because EAJA fees are often denied.)

Plaintiff further observes that the Commissioner has increased the maximum amount allowed in fee agreements from $4,000 to $6,000 since 2002. *See* Social Security Administration's Program Operations Manual System, GN 03940.003; Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080, 6080 (Feb. 4, 2009). That 50% increase, plaintiff argues, reflects the rising cost of legal services nationwide since 1996.

Finally, plaintiff's attorney affirms that he has practiced law for 31 years. His offices are in Evanston, Illinois. In 1996 he charged $180 per hour (for non-contingency work). Today he charges $275 per hour, a 53% increase. The rate he seeks in this case, however ($182.50), is only a 46% increase above the statutory ceiling of $125. He supports his motion with affidavits from other attorneys in his geographic area who handle Social Security cases. They generally say they charge rates from $165 to $350 per hour (Doc. 29, Exs. 4–7).[2] Two of them agree that inflation and overhead has increased the cost of providing adequate legal services to Social Security clients, further attesting they do not represent clients for less than the the EAJA rate adjusted for inflation, which is more than $170 per hour (*id.*, Exs. 1, 4). Another attorney says her fees "have always been based upon the statutory rate plus cost of living increases since the EAJA was enacted" (*id.*, Ex. 2). Plaintiff acknowledges that these attorneys are not located in the Southern District of Illinois, but he does not know attorneys in this district with the relevant experience.

Plaintiff's attorney adds that his office expenses have increased significantly since 1996. His office rent has increased by 3% per year; salary for legal staff has increased 5% per year (3 to 4% for administrative staff); health insurance has increased at least 100%;

---

[2] The attorneys note that they only handle such cases on a contingency basis. They do not actually have non-contingency hourly rates.

and other expenses, including legal-research tools and continuing legal education, have increased as well. He says that in his experience attorneys in the Chicago area often charge much more than $182 per hour for non-contingency work.

The Commissioner responds that plaintiff's fee request is unreasonable because his hourly rate exceeds the presumptive ceiling of $125 under the EAJA; and plaintiff does not show that his rate is consistent with the prevailing rate in this geographic area, since plaintiff's affidavits are from attorneys in the Chicago area and Wisconsin, not the Southern District of Illinois. The Commissioner correctly observes that plaintiff must justify any inflation adjustment by reference to the particular circumstances of his lawyer.

It appears that plaintiff's rate of $182.50 is a correct adjustment for inflation based on the Consumer Price Index.[3] But the EAJA does not create an *entitlement* to an inflation adjustment. *Mathews-Sheets*, 653 F.3d at 563. Plaintiff must show, not that inflation exists, but that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.*; *accord Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (rejecting the plaintiff's argument for an increase based on inflation, supported by the Consumer Price Index). "An inflation adjustment must … be justified by reference to the particular circumstances of the lawyer seeking the increase. Suppose inflation had not affected the wages he pays his clerical employees, or had been offset by advances in law-office technology or changes in the standards and procedures of the Social Security Administration that made it cheaper to litigate claims for disability benefits." *Mathews-Sheets*, 653 F.3d at 563–64.

The Court **FINDS** that plaintiff has shown the inflation adjustment is justified by his attorney's particular circumstances. The attorney's general hourly rate has increased over 50% since 1996. The rate he seeks here, $182.50, is consistent with that of the other

---

[3] $125 in 1996 is about $182.96 in 2012. *See* WOLFRAM|ALPHA, http://www.wolframalpha.com (using input "$125 1996 dollars in 2012") (last visited April 30, 2013); *CPI Inflation Calculator*, U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, http://www.bls.gov/data/inflation_calculator.htm (last visited April 30, 2013).

attorneys who practice Social Security work. He describes how his various office expenses have risen since 1996. And the Court disagrees with the Commissioner that plaintiff should have to show that his rate is consistent with the prevailing rate for attorneys in the Southern District of Illinois; the attorney's offices are in Evanston, so it is reasonable to compare his cost of living and hourly rates with those of other attorneys in that area. The Court therefore approves the rate of $182.50 in this case.

Next, in reviewing plaintiff's itemization of time (Doc. 29, Ex. 3), the Commissioner challenges the number of hours spent working on this case. She says 39.4 hours is too much time to spend on a 20-page brief. She asserts it is unclear how much time was spent on each issue, because the itemization of time is not divided by issue, but believes roughly one day was spent on each of the four issues; yet two, she argues, were "common legal issues of credibility and treating physician opinion, and the other two consisted of less than three pages combined." The Commissioner says plaintiff must explain why that expenditure of time was reasonable. She suggests plaintiff's time should be reduced by 8 hours, 2 hours for each issue.

The amount of a fee award is left to the discretion of the district court. *Hensley*, 461 U.S. at 437. Under the EAJA, the attorney's fees must be *reasonable*. § 2412(d)(2)(A). A court should exclude from its fee calculation hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* The EAJA also specifies that "[t]he court, in its discretion, may reduce the amount to be awarded … or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." § 2412(d)(1)(C). If the court decides to reduce the number of hours requested, it may not do so arbitrarily; it must give a clear explanation why. *Smith v. Great Am. Rests., Inc.*, 969 F.2d 430,

5

439 (7th Cir. 1992); *see also Hutchison v. Amateur Electronic Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994).

The Court does not agree with the Commissioner's request to reduce the amount of time spent on the opening brief. Plaintiff has itemized the hours spent on this case and provided several Social Security appeals in district courts showing the average amount of time they require (40 to 60). In response to the Commissioner's argument that the legal issues were common and straightforward, plaintiff makes the persuasive point that in Social Security appeals it is "the facts in each particular case that require, or not, reversal and remand. Thus, counsel must always spend a considerable time reviewing the administrative record … while formulating the argument. … Each case requires that careful detail to facts." The Court finds that the hours were reasonably expended. The Commissioner does not otherwise explain why 39.4 hours is too long or why 8 hours should be the amount of reduction; the Court may not reduce the number of hours arbitrarily. Therefore, the Court will not reduce the number of hours plaintiff's attorney spent on the opening brief.

The Commissioner also suggests, though without explanation, that plaintiff's 1.7 hours of work done before he filed his complaint should be stricken. Since no explanation is given, that request for a reduction is denied. *See* SDIL-LR 7.1(d). Lastly, the Commissioner objects to plaintiff's inclusion of 0.4 hours of legal-assistant time spent requesting an extension of time to file his opening brief. The Commissioner cites two district-court cases denying such fees, but in those cases the attorneys' hours were excessive. *Burr v. Bowen*, 782 F.Supp. 1285 (N.D. Ill. 1992) (2.81 hours not reasonably necessary); *Prak v. Chater*, 908 F.Supp. 555, 557 (N.D. Ill. 1995) (2.25 hours). Plaintiff here made only one such request. It was with the Commissioner's consent. And the Commissioner requested additional time herself (Doc. 21). The Court will allow the 0.4 hours. *See Samuel v. Barnhart*, 316 F.Supp.2d 768, 779–80 (E.D. Wis. 2004) ("Extensions of time are regularly requested and granted in social security cases in this district, in favor of both the Commis-

sioner and the plaintiff-claimant.").

Accordingly, plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (Doc. 29) is **GRANTED**. The Court awards attorney's fees and costs of $9,875.58 to plaintiff.

**IT IS SO ORDERED.**

**DATED: May 1, 2013**

/s/ **WILLIAM D. STIEHL**
   **DISTRICT JUDGE**